STATE OF NORTH CAROLINA v. EDDIE SMITH

No. 528A87

(Filed 6 October 1988)

1. **Criminal Law § 134.4— sentences concurrent with life sentence—youthful offender statute inapplicable**

    A defendant serving a sentence or sentences of less than life imprisonment concurrently with a mandatory life sentence is not entitled to the benefit of the youthful offender statute, Art. 3B of G.S. Ch. 148.

2. **Criminal Law § 134.4— youthful offender—sentence consecutive to life sentence—failure to make no benefit finding—absence of prejudice**

    A seventeen-year-old defendant was not prejudiced by failure of the trial court to determine whether he would benefit from serving a two-year sentence for intimidation of a witness as a committed youthful offender where this sentence is to be served consecutively to a life sentence, defendant must serve twenty years of his life sentence before he can be eligible for parole, and at

State v. Smith

that time he would be thirty-seven years of age and ineligible to serve a sentence as a committed youthful offender.

DEFENDANT appealed from judgments of imprisonment imposed by *Griffin (William C.), J.,* at the 22 June 1987 session of Superior Court, NEW HANOVER County. Submitted to the Supreme Court on 14 September 1988 for decision pursuant to Rule 30(d) of the North Carolina Rules of Appellate Procedure.

*Lacy H. Thornburg, Attorney General, by Henry T. Rosser, Special Deputy Attorney General, for the state.*

*Leland Q. Towns for defendant.*

MARTIN, Justice.

On 24 June 1987, defendant was convicted of first-degree sexual offense, crime against nature, two charges of simple assault, and intimidation of a witness. Defendant was sentenced to mandatory life imprisonment on the sexual offense charge, three years' imprisonment on the crime against nature charge, and thirty days' imprisonment on each of the assault charges. All of these sentences were to be served concurrently. On the charge of intimidation of a witness, defendant was sentenced to two years' imprisonment to be served consecutive to the life sentence.

Defendant gave notice of appeal of each of the convictions to the Court of Appeals. On 14 December 1987 this Court allowed defendant's motion to bypass the Court of Appeals on all of the non-life cases. N.C.G.S. § 7A-31 (1986); N.C.R. App. P. 15. No motion or petition was made regarding the first-degree sexual offense case. Defendant did not give notice of appeal to this Court of his conviction of first-degree sexual offense, nor does he set forth or argue any assignments of error with respect to that conviction. This Court does not have jurisdiction over the first-degree sexual offense case.

As to each of the cases before this Court, defendant contends that he is entitled to a new sentencing hearing because the trial judge failed to determine whether defendant would benefit from being sentenced as a committed youthful offender pursuant to article 3B of chapter 148 of the General Statutes of North Carolina. At the time of sentencing defendant did not request a determina-

tion of whether he would benefit from being sentenced as a committed youthful offender in any of his sentences, nor did he object to any of the sentences imposed. We reject defendant's contention and overrule this assignment of error.

[1] Defendant was seventeen years old at the time of sentencing and would have been subject to being considered for sentencing as a committed youthful offender in an appropriate case. However, here all of defendant's sentences (except the two-year sentence for intimidation of a witness discussed below) run concurrently with defendant's mandatory life sentence. This Court has held that article 3B of chapter 148 does not apply to youthful offenders convicted of crimes for which a life sentence is mandatory. *State v. Niccum*, 293 N.C. 276, 238 S.E. 2d 141 (1977). This defendant was convicted of first-degree sexual offense, requiring a life sentence. N.C.G.S. § 14-27.4(b) (1986); N.C.G.S. § 14-1.1(a)(2) (1986). It follows, therefore, and we so hold, that a defendant serving a sentence or sentences of less than life imprisonment concurrently with a mandatory life sentence is not entitled to the benefit of article 3B of chapter 148 of the General Statutes. As Chief Justice Sharp wrote in *Niccum*, the provisions of the youthful offender statute cannot be logically related to youthful offenders serving mandatory life sentences. This is true whether the defendant is serving only a single mandatory life sentence or one concurrently with one or more sentences for a term of years. In either case the defendant cannot receive the benefit of the purposes of the youthful offender statute. N.C.G.S. § 148-49.10 (1987). Therefore, it would be an exercise in futility to require the trial judge under such circumstances to determine whether a defendant would benefit by sentencing as a committed youthful offender.

[2] Defendant was sentenced to two years' imprisonment on the intimidation of a witness conviction, to be served at the expiration of defendant's life sentence. Assuming arguendo that it was error for the trial judge to fail to determine whether defendant would benefit from serving this sentence as a committed youthful offender, defendant has failed to show prejudice. N.C.G.S. § 15A-1443(a) (1983). Defendant must serve twenty years of his life sentence before he can be eligible for parole. N.C.G.S. § 15A-1371(a1) (1983). At that time he would be thirty-seven years of age and would be ineligible to serve a sentence as a committed youthful offender. Therefore, defendant cannot receive the bene-

fits of serving his two-year sentence as a committed youthful offender. Defendant has not demonstrated that the remote possibility of executive commutation or pardon would realistically allow him to serve this sentence while he is eligible to do so as a committed youthful offender. Defendant's argument with regard to this sentence is without merit.

No error.